**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**BID PROTEST**

|  |  |
|---|---|
| ANHAM FZCO, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES, ) <br> ) <br> Defendant, ) <br> and ) <br> ) <br> KGL FOOD SERVICES WLL, ) <br> ) <br> Defendant-Intervenor. ) <br> ) | Case No. 19-55C <br><br> Judge Campbell-Smith |

**INTERMARKETS ALLIANCE AND USFI, INC. JOINT VENTURE'S AMENDED MOTION FOR PERMISSIVE INTERVENTION**

Pursuant to Rule 24(b)(1) of the Rules of the Court of Federal Claims ("RCFC"), Intermarkets Alliance and USFI, Inc., Joint Venture ("IMG") files this Amended Motion for Permissive Intervention. On September 6, 2019, Plaintiff ANHAM FZCO ("ANHAM") filed a Sealed Motion for Temporary Restraining Order and Motion for Contempt ("ANHAM"s Motion") (ECF No. 185), presumably alleging that Defendants have violated the Court's Sealed Opinion and Order dated August 29, 2019 (ECF No. 182).

ANHAM's Motion underscores the urgent need for IMG to intervene in this bid protest to adequately protect the legal interests at stake in its separate bid protest relating to the same procurement. *See Intermarkets Alliance and USFI, Inc., Joint Venture v. United*

*States*, Case No. 19-114C ( "*IMG*").  IMG seeks the right to compete in a fair and lawful procurement that is not tainted by the various errors identified in its separate bid protest. IMG's rights will be undermined if the Defense Logistics Agency ("DLA") and/or KGL Food Services, WLL ("KGL") are allowed to violate the Court's injunction and proceed with an unlawfully awarded contract.  Moreover, IMG has a direct interest in seeing that DLA takes appropriate corrective action in response to the Court's Sealed Opinion and Order.

      IMG files this Amended Motion for Permissive Intervention so that its outside counsel can review the Court's Sealed Opinion and Order and all briefs filed in connection with ANHAM's Motion, and can participate as the Court directs in further consideration of ANHAM's Motion and any related issues concerning the Court's ruling and corrective action.  This Court has broad discretion to permit anyone to intervene if they have "a claim or defense that shares with the main action a common question of law or fact."  RCFC 24(b)(1)(B); *see John R. Sand & Gravel Co. v. United States*, 59 Fed. Cl. 645, 657 (2004). IMG does not have access to the sealed portions of the *ANHAM* record or a complete understanding of all the legal and factual issues that have been raised in that case.  It is likely, however, that the *IMG* and *ANHAM* cases share many common issues of law and fact because the plaintiffs in both cases have challenged the propriety of DLA's award to KGL. The Court's recent stay order in the *IMG* case, ECF No. 112, suggests that there are at least some legal and factual issues that may overlap.  Accordingly, the Court should permit IMG to intervene to protect its legal interests with respect to the issues raised in its protest.[1]

---

[1] At an earlier point in this bid protest, the Court denied IMG's request to intervene.  *See* ECF No. 86.  The Court determined that IMG sought intervention to access the protected

All interested parties that have raised issues related to this procurement should have a fair and equal opportunity to understand the basis for the Court's decision and any disputes pertaining to Defendant's compliance with the Court's Order or its intended corrective action. IMG's intervention in the *ANHAM* case for this limited purpose will allow it to make an informed decision about how to proceed in the *IMG* case and how to respond to the Court's stay order (ECF No. 112). Moreover, IMG, through its counsel, should have the opportunity to fully understand how its unique interests may be affected by Defendants' actions alleged to be in violation of the Order. IMG will be at a distinct disadvantage in this procurement if its attorneys do not have a complete understanding of the Court's Order and any alleged violations thereof, while the attorneys for KGL, ANHAM and DLA do. It is also unfair to preclude IMG from ongoing proceedings relating to the Defendants' actions that have the potential to erode the rights IMG seeks to enforce in its bid protest.

IMG's intervention will not unduly delay or prejudice the adjudication of any parties' rights in the *ANHAM* case. The *ANHAM* case has already been adjudicated. IMG merely seeks to intervene so that its outside attorneys can fully understand the Court's decision, respond to the Court's Order in the *IMG* case on an equal footing with all other interested parties and protect its clients legitimate interests in connection with disputes concerning DLA's response to that Order. IMG should be permitted to intervene in the

---

record in the *ANHAM* case and concluded that its motion to correct/supplement the administrative record ("AR") in the *IMG* case was the proper vehicle for obtaining such access. The Court has yet to rule on IMG's motion to correct/supplement the AR in the *IMG* case. In this Motion, IMG does not seek access to any portions of the protected record beyond that information included in the Court's Sealed Opinion and Order or any briefs that may be filed in connection with ANHAM's Motion.

interest of fairness to all parties and to ensure that IMG's legal interests with respect to the proposed contract arising from its proposal and separate bid protest are adequately protected.

Dated:  September 9, 2019 	 Respectfully submitted,

ROGERS JOSEPH O'DONNELL

By:      */s/ Neil H. O'Donnell*
        Neil H. O'Donnell (Counsel of Record)
        Jeffery M. Chiow
        Stephen L. Bacon
875 15th St. NW, Suite 725
Washington, DC 20005
(202) 777-8950 (Telephone)
(202) 347-8429 (Facsimile)
nodonnell@rjo.com; jchiow@rjo.com;
sbacon@rjo.com

Attorneys for Prospective Plaintiff-Intervenor
*Intermarkets Alliance and USFI, Inc., Joint Venture*